J-A09010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHAD MICHAEL ECKENRODE | : | |
| | : | |
| Appellant | : | No. 941 WDA 2024 |

Appeal from the Judgment of Sentence Entered July 5, 2024
In the Court of Common Pleas of Crawford County Criminal Division at
No(s):  CP-20-CR-0000497-2023

BEFORE:  KUNSELMAN, J., NICHOLS, J., and LANE, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED: May 23, 2025**

Chad Eckenrode appeals from the judgment of sentence imposed after he pled guilty to home improvement fraud-receiving advance payment for services and failing to perform.[1]  He challenges the discretionary aspects of his sentence.  Additionally, Eckenrode's counsel asked to withdraw from representation and filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  Upon review, we grant counsel's petition and affirm the judgment of sentence.

Briefly, the facts are as follows.  Eckenrode worked for A+ Handyman Services ("A+ Handyman").  He oversaw operations and provided onsite supervision of the work.  Eckenrode's wife, Kristi McBride, owned A+ Handyman.

---

[1] 73 Pa.C.S.A. 517.8(a)(2).

In September 2021, Brian Dell and Debbie Oliver-Dell ("the Dells") of Conneaut Lake, Pennsylvania, contracted with A+ Handyman to extensively remodel their home, including materials, for $155,650.00. A+ Handyman agreed to demolish and remodel certain portions of the interior and exterior of the Dells' home as well as construct a new addition. This work consisted of 107 steps, which A+ Handyman was to complete, as set forth in the contract.

The Dells made a $31,130 downpayment: $20,000 upon execution of the contract and $11,130 at the start of construction. Additionally, the Dells were to make four periodic payments of $28,130 at each point when A+ Handyman completed 22 steps as provided in the contract. Upon completion of the remodel, the Dells were to make the final payment of $12,000.

In September 2022, the Dells contacted the police when no one, including Eckenrode, came to do any work and the tools and trailer had been removed from the property. Although the Dells called McBride and Eckenrode numerous times and left messages, they did not hear back. The Dells told the police that A+ Handyman demolished the interior of their home but failed to complete any portion of the work in its entirety, constructed it in an unsafe manner, and left it in such a condition that rain came in and caused damage.

Further, the Dells had paid A+ Handyman a total of $118,135 (which reflected 66 steps of the project plus the down payment). Per the contract, payment of this amount indicated that all the demolition was completed and all but 22 steps and final miscellaneous steps remained to be done. However, when investigating the Dells' complaints, the police observed that the work

done in the Dells' home was nowhere near the point of completion such that A+ Handyman should have been entitled to receive that amount of money.

Upon inquiry, McBride told the police she agreed with what the Dells told them. Additionally, McBride told the police that Eckenrode supervised the progress of the project, knew how much money McBride had received for the project, and knew nothing was done for the money. She agreed that everything needed to be fixed.

The township building code official confirmed that what little work had been done was unsafe and was not constructed to code, and that he was concerned about the structural integrity of the addition. The code official further stated that the job had multiple problems and showed a lack of workmanship.

Eckenrode was arrested and charged with multiple offenses.

On May 2, 2024, Eckenrode pled guilty to home improvement fraud. The Commonwealth *nol prossed* the remaining charges. The trial court sentenced Eckenrode to 5 to 10 years' incarceration, to run consecutive to any sentence Eckenrode was serving at the time. Notably, this sentence was outside the sentencing guidelines. The court set forth several reasons for its sentence, in particular, the fact that Eckenrode had repeatedly committed home improvement fraud, preyed on homeowners, committed this crime while on state parole, and took a significant amount of money from the Dells and left them with an uninhabitable home. The court concluded that Eckenrode could not be rehabilitated, and the community needed to be protected from

him. Additionally, Eckenrode and McBride were ordered to pay $51,980.60 in restitution as agreed upon by the parties. Eckenrode did not file a post-sentence motion.

Eckenrode filed this timely appeal. Counsel filed an **Anders** brief with this Court and a petition to withdraw. Eckenrode did not retain independent counsel or file a *pro se* response to the **Anders** brief.

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise [him] of [his] right to retain new counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Here, counsel filed both an *Anders* brief and a petition for leave to withdraw. Further, the *Anders* brief substantially comports with the requirements set forth by our Supreme Court in *Santiago*. Additionally, the record included a copy of the letter that counsel sent to Eckenrode of counsel's intention to seek permission to withdraw and advising Eckenrode of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Eckenrode's appeal is wholly frivolous.

In the *Anders* brief, counsel indicates that Eckenrode challenges the discretionary aspects of his sentence. *See Anders* Brief at 5, 7. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super.

2010). Instead, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1)whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)).

Eckenrode filed his appeal timely. However, upon review of the record, we observe that Eckenrode did not preserve his sentencing claim for our consideration. A defendant wishing to challenge the discretionary aspects of a sentence must raise this type of claim at sentencing or in a post-sentence motion. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Here, Eckenrode did not object to his sentence at the hearing or raise his sentencing claim in a post-sentence motion. Counsel specifically notes that Eckenrode did not ask counsel to file a post-sentence motion. *Anders* Brief at 7. Consequently, Eckenrode waived this issue, and therefore, it is considered frivolous. *See Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

For the foregoing reasons, we conclude that Eckenrode's claim on appeal is frivolous. Further, in accordance with **Dempster**, we have independently reviewed the certified record to determine if there are any non-frivolous issues that counsel may have overlooked. Having found none, we agree that the appeal is wholly frivolous. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/23/2025